| | |
|---|---|
| MICHAEL P. BOLAND,<br><br>                Plaintiff,<br><br>v.<br><br>ROYAL HERITAGE HOME, LLC,<br><br>                Defendant. | **ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM and JURY DEMAND** |

Royal Heritage Home, LLC, ("RHH"), by way of Answer to the Complaint of Michael P. Boland ("Boland"), says as follows:

## JURISDICTION AND VENUE

1.      It denies the allegations contained in paragraph 1.

2.      Except to state that RHH is a Delaware Limited Liability Company, it denies the allegations contained in paragraph 2.

3.      It is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 3.

4.      Except to state that it is a Delaware Limited Liability Company, it denies the allegations contained in paragraph 4.

## FACTUAL ALLEGATIONS

5.      Except to state that Plaintiff entered into an Agreement with RHH, the terms of which speaks for itself, it denies the allegations contained in paragraph 5.

6.      Except to state that any agreement with respect to payments to Plaintiff for various commission rates speaks for itself, it denies the allegations contained in paragraph 6.

7. Except to state that the terms of the agreements speak for themselves, it denies the allegations contained in paragraph 7.

8. Except to state that the terms of the agreements speak for themselves and that Defendant was terminated under the agreement, it denies the allegations contained in paragraph 8.

9. Except to state that Defendant was paid certain sums under the agreement, it denies the allegations contained in paragraph 9.

10. Except to state that the terms of the agreements speak for themselves, it denies the allegations contained in paragraph 10.

11. It denies the allegations contained in paragraph 11.

12. Except to admit that it has consistently denied that it owes Plaintiff anything, it denies the allegations contained in paragraph 12.

## FIRST CLAIM FOR RELIEF

13. RHH repeats and reiterates its answers to the preceding paragraphs as if set forth herein at length.

14. Except to state that the terms of the agreement speak for itself, it denies the allegations contained in paragraph 14.

15. It denies the allegations contained in paragraph 15.

16. It denies the allegations contained in paragraph 16.

17. It denies the allegations contained in paragraph 17.

## SECOND CLAIM FOR RELIEF

18. RHH repeats and reiterates its answers to the preceding paragraphs as if set forth herein at length.

19. It denies the allegations contained in paragraph 19.

20. It denies the allegations contained in paragraph 20.

21. It denies the allegations contained in paragraph 21.

## THIRD CLAIM FOR RELIEF

22. RHH repeats and reiterates its answers to the preceding paragraphs as if set forth herein at length.

23. Except to state that Plaintiff seeks to collect commissions, arguing that he is owed compensation under an agreement, or alternatively, as a result of the "benefit" he conferred, RHH denies the allegations contained in Paragraph 23.

24. Except to state that the agreement speaks for itself and does not provide terms for commissions on orders to be shipped in the spring of 2020, it denies the allegations contained in paragraph 24.

25. Except to state that the agreement speaks for itself, it denies the allegations contained in paragraph 25.

26. It denies the allegations contained in paragraph 26.

27. It denies the allegations contained in paragraph 27.

28. It denies the allegations contained in paragraph 28.

## FOURTH CLAIM FOR RELIEF

29. RHH repeats and reiterates its answers to the preceding paragraphs as if set forth herein at length.

30. It denies the allegations contained in paragraph 30.

31. It denies the allegations contained in paragraph 31.

32. It denies the allegations contained in paragraph 32.

33. It denies the allegations contained in paragraph 33.

**WHEREFORE**, defendant Royal Heritage Home, LLC demands judgment, dismissing Plaintiff's Complaint with prejudice, together with costs of suit and such other and further relief as the Court deems equitable and just.

## SEPARATE AND AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against RHH upon which any relief may be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by Defendant's failure to mitigate any alleged damages.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrine of waiver.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrine of estoppel.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff is barred from the relief sought in its Complaint, in whole or in part, by the doctrine of unclean hands.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff is barred from the relief sought in the Complaint, in that the performance of any agreement between the parties was fundamentally frustrated and defeated and/or impossible or totally impracticable through no fault of RHH.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by reason of Plaintiff's own unlawful conduct and fraud.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by reason of novation.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because RHH was not the proximate cause of any damage alleged by Defendant.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

RHH, at all times relevant to this action, acted in good faith and without fraud, malice, or any intent to damage or harm Plaintiff.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because, to the extent that any contracts existed between the parties, Plaintiff frustrated the purpose of those contracts.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, in that, to the extent that any agreements existed between the parties, RHH was released from performing under those agreements.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of recoupment.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of offset.

### RESERVATION OF SEPARATE AND AFFIRMATIVE DEFENSES

Royal Heritage Home, LLC reserves its right to assert other additional defenses, cross-claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigations as may be necessary or appropriate in the future.

FOX ROTHSCHILD LLP
Attorneys for Plaintiffs

By: */s/ Marc J. Gross*
MARC J. GROSS, ESQ.
49 Market Street
Morristown, NJ 07960
Tel: (973) 548-3301
Fax: (973) 992-9125

*/s/ Lisa W. Arthur*
Lisa Arthur
N.C. Bar No. 44184
larthur@foxrothschild.com

300 N. Greene Street, Suite 1400
PO Box 21927 (27420)
Greensboro, NC  27401
Telephone:  336.378.5200
Facsimile:  336.378.5400

Dated:  June 4, 2020

## COUNTERCLAIM

Defendant/Counterclaimant Royal Heritage Home, LLC, by way of Counterclaim against Plaintiff/Counterclaimant Defendant Michael Boland, says as follows:

## THE PARTIES

1. RHH repeats and reiterates its answers to the preceding paragraphs as if set forth herein at length.

2. In or about August of 2018, Boland entered into an agreement with RHH, where Boland agreed to serve as an independent sales representative (the "Agreement"), commencing on September 1, 2018.

3. In connection with and in order to induce RHH to enter into the Agreement, Boland made certain representations to RHH's president, Michael Kaplan, regarding the revenue that Boland expected to generate for and on behalf of RHH.

4. Indeed, Boland represented to Kaplan that Boland would generate sales of no less than $6.6 million for 2019.

5. In this regard, Boland stated that he had a present intention to "team" his relationships with RHH to create a "real force".

6. Based upon Boland's representations, RHH entered into the Agreement, which was extraordinarily lucrative for Boland, providing him with a generous draw plus commissions, expenses, including travel, meals and entertainment.

7. The Agreement provided Boland with a 6% commission for business shipped prior to October 14, 2018.

8. Unfortunately, Boland never lived up to his end of the bargain.

9. Indeed, the revenue Boland produced turned out to be less than 1/3 of what he had represented, and he breached the Agreement by failing to order and/or ship products prior to October 14, 2018.

10. Despite Boland's misrepresentations and breaches, RHH paid Boland a substantial sum for which it now seeks to recoup by way of this Counterclaim.

## FIRST COUNT
### (Breach of Contract)

11. RHH incorporates by reference the allegations set forth in the preceding paragraphs of the Counterclaim as though set forth at length herein.

12. Boland and RHH entered into the Agreement, effective September 1, 2018, providing for certain payments to Boland, provided that Boland complied with his obligations under the Agreement, including dates by which certain orders were to be submitted to RHH.

13. As set forth above, Boland breached the Agreement and failed to comply with its terms.

14. Additionally, Boland breached the Agreement by seeking to collect upon commissions that had not accrued or were not otherwise due.

15. As a direct and proximate result of Boland's breaches of the Agreement, RHH has suffered and continues to suffer damages.

**WHEREFORE,** Defendant/Counterclaimant Royal Heritage Home, LLC demands judgment against Plaintiff/Counterclaim Defendant Michael Boland for damages, interest, costs of suit, and for such other and further relief as the Court deems equitable and just.

## SECOND COUNT
### (Breach of Covenant of Good Faith and Fair Dealing)

16. Defendant/Counterclaimant RHH incorporates by reference the allegations set forth in the preceding paragraphs of the Counterclaim as though set forth at length herein.

17. Boland's failures to perform under the Agreement were willful, wanton and in bad faith.

18. Thus, Boland's performance constituted a breach of his implied covenant of good faith and fair dealing.

19. As a direct and proximate result of Boland's breach of the implied covenant of good faith and fair dealing, RHH has suffered and continues to suffer damages.

**WHEREFORE,** Defendant/Counterclaimant Royal Heritage Home, LLC demands judgment against Plaintiff/Counterclaim Defendant Michael Boland for damages, interest, costs of suit, and for such other and further relief as the Court deems equitable and just.

## THIRD COUNT
### (Misrepresentation)

20. Defendant/Counterclaimant RHH incorporates by reference the allegations set forth in the preceding paragraphs of the Counterclaim as though set forth at length herein.

21. At all times relevant hereto, Boland made certain representations to RHH outside of the terms of the Agreement.

22. Indeed, so as to induce RHH to enter into the Agreement and to obtain a lucrative compensation arrangement and other benefits, Boland vastly overstated the amount of revenue he had a present intention to generate. In addition, Boland represented his present intention to "team" his relationships with RHH.

23. Boland's representations, as aforesaid, were knowingly false when made with the intention that RHH rely thereon.

24. RHH relied upon Boland's misrepresentations by entering into the Agreement, by forbearing upon other business opportunities and by making substantial payments to Boland.

25. As a direct and proximate result of Boland's intentional misrepresentations, as aforesaid, RHH has suffered and continues to suffer damages.

**WHEREFORE,** Defendant/Counterclaimant Royal Heritage Home, LLC demands judgment against Plaintiff/Counterclaim Defendant Michael Boland for compensatory and punitive damages, interest, costs of suit, and for such other and further relief as the Court deems equitable and just.

### FOURTH COUNT
### (Negligent Misrepresentation)

26. Defendant/Counterclaimant RHH incorporates by reference the allegations set forth in the preceding paragraphs of the Counterclaim as though set forth at length herein.

27. Boland's misrepresentations to RHH concerning the revenue he intended to generate and his intention to "team" his relationships were negligent when made.

28. As a direct and proximate result of the Boland's negligent misrepresentations, RHH has suffered and continues to suffer damages.

**WHEREFORE,** Defendant/Counterclaimant Royal Heritage Home, LLC demands judgment against Plaintiff/Counterclaim Defendant Michael Boland for damages, interest, costs of suit, and for such other and further relief as the Court deems equitable and just.

10

## FIFTH COUNT
### (Unfair and Deceptive Trade Practices)

29. RHH incorporates by reference the allegations set forth in the preceding paragraphs of the Counterclaim as though set forth at length herein.

30. Boland utilized unfair and deceptive trade practices in violation of N.C. Gen. Stat. §75-1.1 in connection with the performance of the Agreement.

31. Indeed, Boland utilized deception and unfair practices in connection with his inducement of RHH to enter into the Agreement by falsely stating his intentions to perform thereunder.

32. Additionally, Boland utilized unfair and deceptive trade practices by charging for and/or seeking to collect certain commissions that he knew or should have known had not accrued and were not due in that the Agreement had terminated or the term under which orders has to be placed had expired.

33. Boland's unfair and deceptive trade practices effected commerce and were performed directly through the carrying on of his business with RHH, where Boland performed as a seller of certain goods.

34. As a direct and proximate result of Boland's unfair and deceptive trade practices, RHH has suffered and continues to suffer damages.

**WHEREFORE,** Defendant/Counterclaimant Royal Heritage Home, LLC demands judgment against Plaintiff/Counterclaim Defendant Michael Boland for treble damages, attorney's fees, interest, costs of suit, and for such other and further relief as the Court deems equitable and just.

## SIXTH COUNT
### (Unjust Enrichment)

35. RHH incorporates by reference the allegations set forth in the preceding paragraphs of the Counterclaim as though set forth at length herein.

36. As a direct and proximate result of the foregoing, Boland has been unjustly enriched.

**WHEREFORE,** Defendant/Counterclaimant Royal Heritage Home, LLC demands judgment against Plaintiff/Counterclaim Defendant Michael Boland for damages, interest, costs of suit, and for such other and further relief as the Court deems equitable and just.

> **FOX ROTHSCHILD LLP**
> *Attorneys for Defendant/Counterclaimant*
>
> By: */s/ Marc J. Gross*
> MARC J. GROSS, ESQ.
>
> */s/ Lisa W. Arthur*
> Lisa Arthur

Dated: June 4, 2020

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:24-4, Marc J. Gross, Esq. is hereby designated as trial counsel in the within matter for the Defendant/Counterclaimant Royal Heritage Home, LLC.

> By: */s/ Marc J. Gross*
> MARC J. GROSS
>
> */s/ Lisa W. Arthur*
> Lisa Arthur

## CERTIFICATIONS PURSUANT TO R. 4:5-1

Pursuant to Rule 4:5-1, the undersigned attorneys for the Defendant/Counterclaimant, hereby certify that at the time of filing of this pleading this matter in controversy is not the subject of any other action pending in any court and/or arbitration proceeding and that no other such action or arbitration proceeding is contemplated by Defendant/Counterclaimant/Third Party Plaintiff. At this time, we are not aware of any other parties who should be joined in this matter.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**FOX ROTHSCHILD LLP**
*Attorneys for Defendant/Counterclaimant*

By: */s/ Marc J. Gross*
     MARC J. GROSS, ESQ.

*/s/ Lisa W. Arthur*
Lisa Arthur

Dated: June 4, 2020